UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARGARET PAUL, | ) |
| *Plaintiff* | ) ) ) ) Cause No. 1:20-cv-02292-RLM-MG |
| v. | ) ) |
| MENARD, INC., | ) ) |
| *Defendant* | ) |

OPINION AND ORDER

Margaret Paul brought this negligence action against Menard, Inc. in the Marion Superior Court Civil Division 13 after she slipped and fell at a Menard's store. Menard removed the case to federal court. Menard has moved for summary judgment, arguing that there isn't any evidence that (1) Menard had actual or constructive notice of the dangerous condition or (2) Menard breached its duty to Ms. Paul because the water was a known and obvious condition. For the reasons explained in this opinion, the court grants Menard's motion.

I.   BACKGROUND

Margaret Paul visited a Menard's store on South Emerson Avenue in Indianapolis, Indiana to do some shopping. Ms. Paul has mobility issues, and she rode a motorized cart around the store that day. Ms. Paul realized she needed to use the restroom, so she drove and parked her cart close to the restroom entrance. Ms. Paul noticed water on the floor in front of the restroom entrance that she wouldn't be able to walk around to go into the restroom.

Ms. Paul didn't notify any store personnel of the water, but instead carefully "creeped" through the water to enter the restroom. About fifteen to twenty minutes later, she tried to leave the restroom by walking through the water again, but this time, she slipped and fell in the water.

Matthew Potts, a Menard employee working at the time of Ms. Paul's accident, learned that Ms. Paul had fallen and helped her back onto her motorized cart. Mr. Potts testified that when he was helping Ms. Paul, he didn't see any water on the floor or notice that Ms. Paul was wet. After the incident, no one cleaned up any water or placed wet floor signs because there didn't seem to be any water on the floor in the area. Two water fountains are located near the restroom entrance, but neither appeared to be leaking. In the two years before Ms. Paul's accident, there hadn't been any similar incidents or reports of water on the floor near the women's restroom at that Menard's store.

It's unclear when the last time an employee inspected the area before Ms. Paul's fall—one employee reported going to the women's restroom at some point between noon and 10:00 pm, and she said that she'd walk past the bathroom at least ten to twenty times during a normal shift.

Ms. Paul incurred medical expenses, lost wages, and other expenses as a result of her fall, and she sued Menard, Inc. for negligence. Menard moved for summary judgment.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In deciding whether a genuine issue of material fact exists, a court accepts the nonmovant's evidence as true and draws all inferences in her favor. Id. at 255. The nonmoving party isn't entitled to "[i]nferences that are supported by only speculation or conjecture." Argyropoulos v. City of Alton, 539 F.3d 724, 732 (7th Cir. 2008). The existence of an alleged factual dispute, by itself, won't defeat a summary judgment motion; "instead, the nonmovant must present definite, competent evidence in rebuttal," Parent v. Home Depot U.S.A., Inc., 694 F.3d 919, 922 (7th Cir. 2012), and "must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial," Hemsworth v. Quotesmith.com, Inc., 476 F.3d 487, 490 (7th Cir. 2007).

## III.    ANALYSIS

The court's jurisdiction to hear this case arises from the parties' diverse citizenship, so state substantive law provides the rule of decision. Goesel v. Boley Int'l (H.K.) Ltd., 806 F.3d 414, 419 (7th Cir. 2015) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)). The events in this case took place in Indiana and the parties agree that Indiana law applies.

In Indiana, a party claiming negligence must prove that the defendant owed a duty of care to the plaintiff and that the defendant breached that duty of care, resulting in damages. Yost v. Wabash Coll., 3 N.E.3d 509, 515 (Ind. 2014) (quoting Pfenning v. Lineman, 947 N.E.2d 392, 398 (Ind. 2011)). A landowner owes a duty of reasonable care to protect business invitees. Burrell v. Meads, 569 N.E.2d 637, 639 (Ind. 1991). The parties don't dispute that Ms. Paul was Menard's invitee, so Menard owed her a duty of care.

Indiana defines the landowner-invitee duty of care according to the RESTATEMENT (SECOND) OF TORTS § 343. Rogers v. Martin, 63 N.E.3d 316, 322 (Ind. 2016). A landowner is liable to invitees for harm caused by a condition of the land if the landowner:

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

RESTATEMENT (SECOND) OF TORTS § 343 (Am. Law Inst. 1965).

Indiana also applies § 343A, Merrill v. Knauf Fiber Glass, GmbH, 771 N.E.2d 1258, 1265 (Ind. Ct. App. 2002), which says in relevant part that "[a] possessor of land is not liable to invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness," RESTATEMENT (SECOND) OF TORTS § 343A(1).

The parties seem to dispute whether there was water on the floor where Ms. Paul fell. Construing the facts in the light most favorable to the nonmovant—Ms. Paul—the court assumes for summary judgment purposes that there was water on the floor where Ms. Paul fell. Even so, Menard argues it is entitled to summary judgment because there's no evidence showing that (1) it had actual or constructive notice that there was water on the floor, or (2) it breached its duty to Ms. Paul because the water was a known and obvious condition and Menard shouldn't have anticipated the harm.

First, Menard argues it had neither actual or constructive notice of the water on the floor. Menard presents evidence that no employees had seen water on the floor or had received any reports of water before Ms. Paul's fall, nor did they notice any water when they helped Ms. Paul after her fall or clean anything off the floor. Menard also says there isn't evidence indicating how long the water had been on the floor or where it came from. Finally, Menard argues it didn't have notice because water on the floor wasn't a recurring issue, as shown by the lack of past reports or repeated occurrences of leaks or water on the floor in that Menard location.

Ms. Paul doesn't dispute that Menard didn't have actual notice or that the condition wasn't recurrent, but she argues that there is a genuine issue of material fact regarding whether Menard had constructive notice. She presents an affidavit stating that about seventeen to twenty-two minutes passed from when she first saw the water and when she fell as evidence that the water had been on the floor at least that long.

5

A plaintiff must show that the possessor of land knew of the dangerous condition or would have discovered the dangerous condition with the exercise of reasonable care. Schulz v. Kroger Co., 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012); RESTATEMENT (SECOND) OF TORTS § 343(a). To establish that Menard had constructive knowledge, Ms. Paul must show that the alleged condition "existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the storekeeper, his agents or employees had used ordinary care." Austin v. Walgreen Co., 885 F.3d 1085, 1089 (7th Cir. 2018) (quoting Schulz v. Kroger Co., 963 N.E.2d at 1144) (internal quotation marks omitted). "The length of time is important[] and can be circumstantial evidence of constructive knowledge." Blasko v. Wal-Mart Stores, Inc., No. 3:18-cv-94, 2019 WL 1318089, at *3 (N.D. Ind. Mar. 21, 2019); Bickel v. Wal-Mart Stores E., LP, No. 3:15-cv-211, 2016 WL 5369598, at *3 (N.D. Ind. Sept. 26, 2016) ("Absent any evidence demonstrating the length of time that the substance was on the floor, a plaintiff cannot establish constructive notice." (quoting Reid v. Kohl's Dep't Stores, Inc., 545 F.3d 479, 482 (7th Cir. 2008))). A few minutes generally isn't long enough to establish constructive notice. *See, e.g.*, Blackburn v. Menard, Inc., No. 2:10-cv-87, 2014 WL 6669489, at *6 (N.D. Ind. Nov. 24, 2014) (ten to fifteen minutes insufficient to establish constructive notice); Rising-Moore v. Red Roof Inns, Inc., 368 F. Supp. 2d 867, 875 (S.D. Ind. 2005) (five to twenty minutes insufficient to establish constructive notice); Schulz v. Kroger Co., 963 N.E.2d at 1145 (imputing constructive notice where an employee had been in the area five to ten minutes prior would have the

6

undesirable effect of mandating "an employee's presence in every aisle at all times").

There is no evidence in the record showing how long the water was on the floor before Ms. Paul arrived outside the restroom. Nor is there evidence showing when the last time the restroom area was inspected or how often employees patrolled the area. Ms. Paul hasn't designated evidence sufficient to show that, at the time she arrived in the restroom area, the water was on the floor for such a length of time and under such circumstances that it would have been discovered in time to prevent her injuries if Menard or its employees had used ordinary care. *See* Halsey v. Walmart, Inc., No. 1:18-cv-03062, 2020 WL 13553825, at *3 (S.D. Ind. Jan. 17, 2020).

Ms. Paul's attestation that the water was there for at least 17 to 22 minutes while she was in the restroom doesn't create an issue of material fact or establish constructive notice. Ms. Paul asserts that because the water remained on the floor for the duration of her time in the restroom, "a jury could conclude that [inspections] never occurred at all." [Doc. No. 50 at 8]. A litigant can't create a genuine issue of material fact based solely on speculation or conjecture. Argyropoulos v. City of Alton, 539 F.3d at 732. Without more than mere speculation, the court can't infer that Menard should have known about the water.

Ms. Paul's other arguments about constructive notice don't establish any genuine issues of material fact. She says it was "incumbent" on Menard to inspect the restroom and surrounding areas because there were multiple sources

7

of water in that part of the store, and Menard bears the burden of presenting evidence to show when it had last inspected the floor outside the restroom. But "Indiana law does not give landowners the impossible responsibility of constantly monitoring the entire premises and immediately removing any slip hazard," Bickel v. Wal-Mart Stores E., LP, 2016 WL 5369598, at *3 (citations omitted), and the nonmovant bears the burden of presenting evidence to show that there is a genuine issue of material fact, *see* Parent v. Home Depot U.S.A., Inc., 694 F.3d at 922; Turner v. Menard, Inc., No. 2:12-cv-490, 2016 WL 1298126, at *5 (N.D. Ind. Mar. 31, 2016) ("Menard[] does not bear the burden of proving a lack of constructive knowledge.").

Ms. Paul has pointed to no evidence from which a reasonable jury could find that Menard had actual or constructive knowledge of the water on the floor.

Menard also argues it is entitled to summary judgment because the water on the floor was a "known and obvious" condition, so Menard didn't breach its duty to Ms. Paul. Menard says that Ms. Paul knew of the condition because she saw the water when she drove up to the restroom and recognized that she wouldn't be able to walk around it to enter the restroom. She also realized the danger because she "creeped" through the water to enter the restroom. Menard says it shouldn't have anticipated Ms. Paul choosing to enter the restroom—and then trying to get back out—rather than informing an employee of the issue.

The RESTATEMENT (SECOND) OF TORTS § 343A precludes liability where a condition was "known or obvious" to the invitee unless the landowner should anticipate the harm despite the invitee's knowledge or the condition's

8

obviousness. Knowledge of a danger means the invitee not only knew of the existence of the danger, but also recognized its dangerousness and the probability and gravity of harm. Miller v. Rosehill Hotels, LLC, 45 N.E.3d 15, 20 (Ind. Ct. App. 2015) (citing RESTATEMENT (SECOND) OF TORTS § 343A cmt. b). A condition is obvious if "both the condition and risk are apparent to and would be recognized by a reasonable person, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." Id.

Ms. Paul doesn't present any evidence in rebuttal. She doesn't dispute Menard's contentions that she could have notified store employees instead of going into the restroom or that Menard couldn't have anticipated her injury. Ms. Paul instead asserts that comparative fault and allocating percentages of fault are questions of fact that can only be decided by a jury, and she references the Indiana Comparative Fault Act, IND. CODE § 34-51-2-6. But none of the authority Ms. Paul cites precludes courts from deciding those issues or whether a condition was known and obvious at the summary judgment stage. *See* Horine v. Homes by Dave Thompson, LLC, 834 N.E.2d 680, 685 (Ind. Ct. App. 2005) ("Fault apportionment under the Comparative Fault Act is uniquely a question of fact to be decided by a jury, unless there is no evidentiary dispute and the factfinder is able to come to only one logical conclusion." (citation omitted)); Cummings v. Martin & Bayley, Inc., No. 2:11 CV 143, 2013 WL 620315, at *5 n.3 ("Fault allocation may be decided as a matter of law only if the evidence is undisputed and the fact finder could reach only one conclusion." (quoting Barnard v. Saturn Corp., 790 N.E.2d 1023, 1031 (Ind. Ct. App. 2003))).

9

Finally, Ms. Paul argues that she "was forced to walk through the water . . . [so] a jury considering this matter could reasonably conclude that [she] was unable to protect herself from the condition she was forced to navigate." [Doc. No. 50 at 9]. This alludes to § 343(b) of the RESTATEMENT (SECOND) OF TORTS, but again, Ms. Paul doesn't explain why she couldn't notify an employee of the water, and she doesn't present any evidence showing that Menard should have expected that customers wouldn't realize the danger or protect themselves from water on the floor.

Ms. Paul hasn't designated any evidence from which a reasonable jury could conclude that the water on the floor wasn't a known and obvious condition or that Menard should have anticipated the harm.

## IV.   CONCLUSION

Menard's arguments for summary judgment each establish that there is no genuine issue of material fact, and Menard is entitled to judgment as a matter of law. Accordingly, the court GRANTS Menard's motion for summary judgment, [Doc. No. 43], and DIRECTS the clerk to enter judgment for Menard.

SO ORDERED.

ENTERED: <u>October 6, 2022</u>

                                             /s/ Robert L. Miller, Jr.  
                                             Judge, United States District Court

Electronically distributed to all  
registered counsel of record via ECF.